**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-8246**

_____

GARY SLEZAK,

Petitioner - Appellant,

v.

STANLEY BURTT,

Respondent - Appellee.

_____

**No. 10-6395**

_____

GARY SLEZAK,

Petitioner - Appellant,

v.

STANLEY BURTT, Warden of Lieber Correctional Institution,

Respondent - Appellee.

_____

Appeals from the United States District Court for the District of South Carolina, at Florence.   R. Bryan Harwell, District Judge.  (4:07-cv-00661-RBH)

_____

Submitted:  October 19, 2010          Decided:  October 25, 2010

_____

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

_____

No. 10-6395 affirmed; No. 09-8246 dismissed by unpublished per curiam opinion.

_____

Gary Slezak, Appellant Pro Se.   William Henry Davidson, II, Kenneth Paul Woodington, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Slezak seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2254 (2006) petition and his Fed. R. Civ. P. 59(e) motion (No. 09-8246), and the district court's order denying his motion to reopen the time for appeal under Fed. R. App. P. 4(a)(6) (No. 10-6395). We dismiss Appeal No. 09-8246 for lack of jurisdiction because the notice of appeal was not timely filed, and affirm the court's order in Appeal No. 10-6395.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Slezak's Rule 59(e) motion was entered on the docket on September 29, 2009. The notice of appeal was filed, at the earliest, on December 14, 2009.[1] Pursuant to Rule 4(a)(6), Slezak filed a motion to reopen the time for appeal on January 6, 2010. By his own admission,

---

[1] This is the date appearing on the notice of appeal. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

3

Slezak received notice on November 20, 2009, that his Rule 59 motion had been denied. Because he failed to timely file the motion to reopen within fourteen days thereafter, as required by Rule 4(a)(6), the district court did not abuse its discretion by denying the motion to reopen the appeal period.[2] Accordingly, in Appeal No. 10-6395, we affirm the district court's denial of Slezak's Rule 4(a)(6) motion. Because Slezak failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period in Appeal No. 09-8246, we dismiss that appeal as untimely. Slezak's motion for certificates of appealability is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[2] When notice of the entry of the judgment or order sought to be appealed is not received within twenty-one days of entry, a party may move to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6). Prior to December 1, 2009, the rule required a motion to reopen to be filed within 180 days after the judgment or order was entered or within seven days after the moving party received notice of the entry, whichever was earlier. Effective December 1, 2009, Rule 4(a)(6) was amended to permit the motion to reopen to be filed within 180 days of entry of the judgment or order or within fourteen days after the moving party receives notice, whichever is earlier. Because the relevant dates in this appeal overlap the applicable dates for both versions of the rule, we have given Slezak the benefit of the doubt and applied the more liberal fourteen day period.

materials before the court and argument would not aid the decisional process.

No. 10-6395 <u>AFFIRMED</u>
No. 09-8246 <u>DISMISSED</u>